David Olson, Plaintiff-Appellee, v. Mall Tool Company, Defendant-Appellant.

Gen. No. 45,646.

Opinion filed January 30, 1952. Released for publication April 2, 1952.

JOHN E. HUGHES, of Chicago, for appellant.

GILBERT T. GRAHAM, of Chicago, for appellee.

MR. PRESIDING JUSTICE KILEY delivered the opinion of the court.

This is a suit for wages which accrued during plaintiff's two weeks vacation. The court, without a jury, found for the plaintiff and gave judgment for $144.87. Defendant has appealed.

Plaintiff worked for defendant from 1946 to August 1949. He was on vacation from July 18 to July 30, 1949. He returned to work August 1, and on August 2 gave defendant notice in writing of his resignation effective August 19. Defendant accepted the resignation but made it effective August 2. Afterwards plain-

tiff was paid for August 1 and 2 without prejudice to the claim for vacation pay.

When his employment ceased, plaintiff was a credit manager. His employment had been from week to week and he could be discharged or he could resign at any time. In suing for vacation pay, he relied on the terms of a booklet called ''You and the Mall Tool Company'' published in December 1948. Under the policy of the defendant as stated in that booklet, plaintiff was entitled to vacation pay for the two weeks in July 1949 provided he was on the payroll immediately preceding and following the vacation period. Defendant relied on an earlier booklet entitled ''Personnel Policies and Instructions'' as revised September 8, 1947. Under the policy stated in that booklet, defendant's employees were not entitled to vacation with pay if they expected to quit immediately after vacation.

█ The vital issue of fact was whether plaintiff knew of the policy set forth in the 1947 booklet. He could not be bound by the policy if he did not know, or was not charged with knowledge, of it. 56 C. J. S. Master and Servant § 75. Defendant's witness testified that during plaintiff's employment he had discussed that policy with plaintiff. Plaintiff denied that it had been discussed with him or that he knew of the policy. The trial court decided the issue in favor of plaintiff. The question is whether the finding and the judgment thereon are against the manifest weight of evidence.

█ It is true that plaintiff testified he wanted to be fair with defendant and give it notice of his resignation before the vacation pay checks were issued. This could indicate that he knew of the policy and was not sure he would receive a check. Furthermore, he said he didn't ''recall'' telling defendant it could decide whether or not to give him vacation pay. This testimony, though it weakened plaintiff's case, is not suffi-

11

cient to cause us to set aside the finding of fact as being against the manifest weight of evidence.

We expressly refrain from deciding whether the December 1948 policy superseded the September 1947 policy. The trial court admitted in evidence the booklet containing the earlier policy but held it did not bind plaintiff because there was no showing plaintiff knew of the booklet. Questions of the 1948 booklet superseding the 1947 booklet, of the necessity of clarity in statements of policy to make them part of the employment contract, and related questions were not raised.

The court's decision on the factual issue is not against the manifest weight of evidence and there is no other error which would justify reversing the judgment. The judgment is affirmed.

*Judgment affirmed.*

LEWE and FEINBERG, JJ., concur.